UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| KOLETA ANDERSON, *individually and on behalf of all others similarly situated*,<br><br>   Plaintiff,<br><br>   v.<br><br>BURGER KING CORPORATION,<br><br>   Defendant. | Civil Action No. TDC-17-1204 |

**ORDER**

This matter came before the Court for hearing on April 3, 2018. The Court, having considered the Motion for Preliminary Approval and Final Approval and the declarations in support thereof, the Class Action Settlement Agreement (the "Settlement Agreement" or "Agreement"), any potential objections and comments received regarding the proposed settlement, the record in the above captioned action (the "Action"), the evidence presented, and the arguments and authorities presented by counsel, finds as follows:

1. Plaintiff Koleta Anderson ("Plaintiff" or "Class Representative"), on behalf of the Class, and Defendant Burger King Corporation ("Defendant" or "BKC"), via counsel, have reached a settlement (the "Settlement"). The Parties have submitted a detailed written Settlement Agreement together with exhibits and proposed orders. To the extent not otherwise defined herein, all capitalized terms shall have the meanings attributed to them in the Settlement Agreement. The Court gave its preliminary approval of the Settlement on December 19, 2017 (the "Preliminary Approval Order"). The Court scheduled a further hearing to determine whether the proposed Settlement is fair, reasonable, and adequate.

2.  On April 3, 2018, this Court held a hearing to determine whether the proposed Settlement set forth in the Agreement executed by the Parties should be approved in final by this Court. Stuart Davidson, Esq. appeared for the Plaintiff and the Class. Jeffrey Jacobson, Esq. appeared for the Defendant. One objection was filed with respect to the proposed Settlement.

3.  After reviewing the pleadings and evidence filed in support of the request for final approval of the Settlement and hearing the attorneys for the Parties, the Court made detailed findings of fact and conclusions of law as stated on the record at the hearing. For the reasons stated at the hearing,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

4.  This Final Approval Order and Judgment incorporates and makes part hereof the Agreement and all Exhibits thereto.

5.  The Court has personal jurisdiction over all Class Members as well as the Defendant. This Court has subject matter jurisdiction over the subject matter of the Action, the Class Representative, the Class Members, and Defendant.

6.  The Court hereby adopts and approves the Settlement Agreement and the settlement terms contained therein (including all Exhibits attached thereto and subsequently executed) and finds that it is fair, reasonable, adequate, in compliance with all applicable legal requirements. One objection was submitted, has been considered, and is overruled for the reasons stated on the record at the hearing.

7.  Pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, the Court hereby finally certifies the Class, consisting of:

> All persons in the United States who, during the Class Period, purchased two or more Croissan'wich breakfast sandwiches from a BKC restaurant, redeemed a BOGO coupon in connection with the purchase, yet paid more than the amount that

restaurant was charging at the time for the higher-priced Croissan'wich the person ordered.

In so holding, the Court finds that the prerequisites of Federal Rules of Civil Procedure 23(a) and 23(b)(2) have been satisfied for certification of the nationwide Class for settlement purposes because: Class Members are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Class; the claims and defenses of the Class Representative are typical of the claims and defenses of the Class Members she represents; the Class Representative has fairly and adequately protected the interests of the Class with regard to the claims of the Class she represents; and the proposed injunctive relief is proper and would be generally applicable to all Class Members. In making the foregoing findings, the Court has exercised its discretion in certifying the Class, based, *inter alia*, upon the Court's familiarity with the claims and parties in this case, the interests of the various groups, and counsel's representations relating to the negotiation process.

8. In negotiating, entering into, and implementing the Settlement, Class Counsel has fairly and adequately represented and protected the interests of all Class Members.

9. Certification of a Rule 23(b)(2) class for injunctive relief, pursuant to the Settlement Agreement, is the most appropriate means of resolving this case.

10. BKC and its employees, with actual or constructive knowledge of the Court's final judgment, shall be and hereby are permanently enjoined and restrained from operating a BKC-approved Point of Sale system that charges consumers more money for two Croissan'wiches when redeeming a BOGO Croissan'wich coupon than the higher-priced of the two Croissan'wiches had the consumer ordered that single Croissan'wich by itself.

11. The Parties and their counsel are ordered to implement and to consummate the Settlement Agreement according to its terms and provisions.

12. All claims against Defendant in this Action are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as provided below.

13. The releases set forth in Paragraphs 4.2 and 4.3 of the Settlement Agreement are incorporated herein by reference and approved.

14. The Parties are authorized, without further approval from the Court, to agree to and to adopt such amendments, modifications, and expansions of the Agreement and all exhibits attached hereto as (i) are consistent with the Final Approval Order and Judgment, and (ii) which do not limit the rights of Class Members under the Agreement.

15. The Court hereby grants Class Counsel's request for an award of reasonable attorney's fees in the amount of $185,000. The Court further grants Class Counsel's application for an award of expenses in the amount of $3,681.51, and for a service award of $500 to Plaintiff Koleta Anderson.

16. Nothing in this Final Approval Order and Judgment, the Settlement, the Settlement Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the Defendant.

17. In the event that the Class Settlement does not become effective according to the terms of the Settlement Agreement, this Final Approval Order and Judgment shall be vacated and rendered null and void as provided by the Settlement Agreement, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

18. Without affecting the finality of the Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over the Action, the Parties, and the Class, and the administration

and enforcement of the Settlement and Settlement Agreement, including the permanent injunction imposed herein. Any disputes or controversies arising with respect to the enforcement or implementation of the Settlement or Settlement Agreement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights, as set forth above.

19. The Clerk is directed to enter this Final Approval Order and Judgment forthwith.

IT IS SO ORDERED.

Date: April 3, 2018

THEODORE D. CHUANG
United States District Judge